UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOLDA D. HARRIS, | |
| Plaintiff, | Civil Action No. 16-9315 (MAS) (DEA) |
| v. | **MEMORANDUM ORDER** |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

This matter has come before the Court, by way of removal from state court, on a civil rights Complaint filed by Plaintiff Golda D. Harris. Plaintiff previously moved to remand, which the Court denied, on the account that the United States of America is a named defendant, and that the Complaint asserts federal claims under the federal Constitution. (*See* Order, Jan. 26, 2017, ECF No. 3.) The Court, however, gave Plaintiff the option of waiving her claims against the United States and all federal claims if she insists on remand. (*Id.* at 1-2.)

Presently before the Court is Plaintiff's second motion to remand. (ECF No. 4.) In this motion, she asserts that she "do[es] not waive [her] rights to sue U.S.A. for federal claims in a federal lawsuit," (Mot. to Remand 4, ECF No. 4), and that she is asserting "state law claims for violations of my U.S. constitutional rights[.]" (*Id.* at 5.) The Court is unsure how claims arising out of the federal Constitution would be construed as state law claims. *See Dambach v. United States*, 211 F. App'x 105, 107 (3d Cir. 2006) ("[F]ederal law is the source of liability for the deprivation of a federal constitutional right[.]"). Regardless, claims against the United States are within the original jurisdiction of the federal courts, even tort claims under state law. *See* 28 U.S.C. §§ 1346(a), 1491(a)(1) & 1346(b) (stating that "the district courts . . . shall have *exclusive*

*jurisdiction* of civil actions on claims against the United States" for non-constitutional torts) (emphasis added). Because Plaintiff refuses to waive her federal claims, her second motion to remand is denied.

**IT IS** therefore on this 23rd day of February, 2017,

**ORDERED** that Plaintiff's motion to remand (ECF No. 4) is hereby **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE