UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GOLDA D. HARRIS,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Civil Action No. 16-9315 (MAS)

**MEMORANDUM OPINION**

This matter has come before the Court on a civil rights Complaint filed by *pro se* Plaintiff Golda D. Harris. Because Plaintiff is a prisoner seeking redress from a governmental entity, the Court must screen the Complaint to determine whether the case should be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Having completed this screening, and for the reasons stated below, the Complaint is dismissed.

This case was initially filed in state court, and removed to this Court on December 15, 2016 by three of the named defendants: the State of New Jersey, the Office of the Attorney General, and the Department of Corrections ("State Defendants"). The Complaint also asserts claims against the United States. Accordingly, these are the only named defendants in the instant matter, although the Complaint filed in state court lists dozens of defendants. Following removal, Plaintiff moved to remand. (ECF No. 2.) The Court denied the motion and offered Plaintiff the opportunity to withdraw her federal claims, including her claims against the United States, if she still desired remand (Order, Jan. 26, 2017, ECF No. 3). Plaintiff refused to withdraw her federal claims and filed a second motion to remand. (ECF No. 4.) The Court summarily denied that motion. (Order, Feb. 23, 2017, ECF No. 5.) Recognizing that Plaintiff may not have properly served the United

States, the Court issued a show-cause order, directing Plaintiff to provide proof that the United States was properly served. (Order, Jan. 19, 2018, ECF No. 11.) Plaintiff filed a response to the show-cause order. (ECF No. 12.)

The Court dismisses the United States as a defendant. When the United States is a defendant, Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; *and*
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1) (emphasis added). In her response to the show-cause order, Plaintiff submitted proof that she effectuated service via certified mail on the Department of Justice in Washington, D.C., which the Court construes as service upon the Attorney General. Plaintiff, however, failed to demonstrate that she effectuated service on the United States attorney of this District, the District of New Jersey. When a plaintiff fails to serve either the United States attorney of the district where the suit is filed or the Attorney General of the United States, service is improper upon the United States. *See Felicetty-Stamm v. Sec'y Dep't of Homeland Sec.*, 558 F. App'x 189, 190 (3d Cir. 2014).

Moreover, the Complaint asserts claims against all defendants, including the United States, for violation of Plaintiff's constitutional rights through false imprisonment. (Compl. 1, ECF No. 1-1 at 7.) Although the Supreme Court has created a federal right of action against federal officers

for certain constitutional violations, *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the United States and its agencies remain immune under the doctrine of sovereign immunity. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (finding that a plaintiff's only remedy in a *Bivens* action "lies against [an] individual"); *Jaffee v. United States*, 592 F.2d 712, 717 (3d Cir. 1979) (finding that *Bivens* does not authorize suits against the government itself); *Dippolito v. United States*, No. 13-0175, 2015 WL 9308238, at *3 (D.N.J. Dec. 21, 2015) (finding that federal agencies are not amenable to suit under *Bivens*). Accordingly, all federal claims against the United States are dismissed with prejudice due to sovereign immunity, and to the extent any other claims are raised against the United States, they are dismissed without prejudice for failure to effectuate proper service, and the United States is dismissed from this case. *See* Fed. R. Civ. P. 4(m).

All federal claims against the State Defendants are also dismissed with prejudice. The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As such, the Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (holding that the *Ex parte Young* exception to Eleventh Amendment immunity is inapplicable to "the States or their agencies, which retain their immunity against all suits in federal court"). Civil rights claims under 42 U.S.C. § 1983 do not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338

(1979). All federal claims against the State Defendants, therefore, are dismissed with prejudice based upon Eleventh Amendment immunity.

To the extent the Complaint asserts any other claims against the State Defendants or any other defendants, they are dismissed without prejudice. As stated above, although the Complaint raises claims of false imprisonment, it does not contain a single factual allegation to support Plaintiff's claims—in fact, Plaintiff does not even allege what crime she has been imprisoned for, let alone the circumstances that led to her imprisonment.

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of [her] "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Indeed, if Plaintiff is imprisoned due to a valid conviction, she would be barred from asserting any civil rights claims for false imprisonment unless and until that conviction has been reversed, expunged, or made invalid. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Without any factual allegations to support her claims, Plaintiff has not raised a plausible claim against any defendant. Thus, to the extent that the Complaint raises any claims other than the ones addressed above, they are dismissed without prejudice for failure to state a claim upon which relief may be granted. Within 30 days of the accompanying Order, Plaintiff may move to amend the Complaint to cure the defects identified herein; failure to amend will result in the dismissal of the Complaint *with prejudice.*

Lastly, the Court notes that while the Complaint lists dozens of defendants, the State Defendants are the only parties to have made an appearance in this case. The Court presumes that no other defendants have appeared because none have been properly served. Consequently, all claims in an amended complaint asserted against any defendant other than the State Defendants

will be dismissed unless Plaintiff provides proof of timely and proper service upon any such defendant.[1]

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

Dated: March 6, 2018

---

[1] The Court cautions that timely service requires Plaintiff to have timely served the *original* Complaint within the prescribed time after it was filed, and does not relate to service of any amended complaint Plaintiff may file in the future.